T.C. Summary Opinion 2006-1


UNITED STATES TAX COURT


HARON M. AND AURORA L. VERAS, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 6027-04S.               Filed January 3, 2006.


Haron M. and Aurora L. Veras, pro sese.

<u>Robert F. Saal</u>, for respondent.


PANUTHOS, <u>Chief Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.  Unless otherwise indicated, subsequent section references are to the Internal

Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency in petitioners' Federal income tax for the taxable year 2001 of $14,365. The issues for decision are: (1) Whether petitioners omitted interest income of $142; (2) whether petitioners are entitled to claimed Schedule C, Profit or Loss From Business, expense deductions; and (3) whether petitioners are entitled to a medical expense deduction not claimed on the return.[1]

Background

Some of the facts have been stipulated, and they are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. At the time of filing the petition, petitioners resided in Weehawkeen, New Jersey.

In March 1999, petitioner Haron M. Veras (petitioner) began operating a trucking company as a sole proprietor. Petitioner owned a Freightliner tractor which was utilized to transport freight. The tractor was purchased in 1999 at a cost of

---

[1] Prior to trial petitioners conceded that they are not entitled to claimed total itemized deductions of $25,593, which had been disallowed in the notice of deficiency. The notice of deficiency allowed petitioners a standard deduction.

The return reflected $912 for medical expense, however, since the amount did not exceed 7.5 percent of adjusted gross income, no deduction was claimed. See sec. 213(a). At trial petitioners asserted that they were entitled to a medical expense deduction in the approximate amount of $10,000.

approximately $36,000. The purchase was financed by First Union National Bank, and petitioner was required to make monthly payments of $599.39. The loan carried an annual interest rate of 12.5 percent over a term of 5 years. Petitioner also utilized persons who did the loading and unloading at the pier. Petitioner apparently paid the loaders in cash, and no records were maintained or presented, documenting the amounts paid. During 2001 petitioner also leased a Toyota Forerunner. This vehicle was used in the trucking business during the week and for personal use on weekends. There were no records presented as to amounts expended to operate the Forerunner or contemporaneous records relating to the business use of the vehicle.

Petitioner Aurora Veras gave birth on January 16, 2002. Mrs. Veras traveled from the Dominican Republic to the United States sometime in 2001. Petitioners incurred medical expenses during 2001 with respect to Mrs. Veras's pregnancy. Petitioners presented no records relating to this item.

Petitioners timely filed a joint Federal income tax return for the taxable year 2001. No interest income was reported on the return. Attached to the Form 1040, U.S. Individual Income Tax Return, was a Schedule C for petitioner's trucking business. The Schedule C reflects gross income of $82,515 and total expenses of $69,424. The notice of deficiency determined that

petitioners received $142 of interest income that was not reported on the 2001 return.

The notice further disallowed Schedule C deductions as follows:

| Item | Claimed | Allowed | Disallowed |
|------|---------|---------|------------|
| Interest | $1,044 | -0- | $1,044 |
| Repairs & maintance | 7,640 | $5,084 | 2,556 |
| Commissions & fees | 16,000 | -0- | 16,000 |
| Travel | 1,600 | -0- | 1,600 |
| Meals & entertainment | 2,300 | -0- | 2,300 |
| Other expenses | 9,195 | 1,995 | 7,200 |
| Car & truck expenses | 17,716 | 2,267 | 15,449 |

## Burden of Proof

Generally, the burden of proof is on the taxpayer. Rule 142(a)(1). Under section 7491, the burden of proof shifts from the taxpayer to the Commissioner if the taxpayer produces credible evidence with respect to any factual issue relevant to ascertaining the taxpayer's liability. Sec. 7491(a)(1). Petitioners have neither argued that the burden of proof should shift nor satisfied the criteria that would cause the burden of proof to shift. Given the lack of documentation and information provided by petitioners in this case, we conclude that the burden of proof remains with petitioners.

## Omitted Interest Income

Petitioners did not present any argument or evidence that they did not receive $142 of interest income during the taxable year 2001. Respondent's determination is accordingly sustained.

Disallowed Schedule C Deductions

1.  General

Section 162(a) permits a deduction for the ordinary and necessary expenses paid or incurred during the taxable year in carrying on a trade or business.  Expenses that are personal in nature are generally not allowed as deductions.  Sec. 262(a).  A taxpayer is required to maintain records sufficient to establish the amount of his income and deductions.  Sec. 6001; sec. 1.6001-1(a), (e), Income Tax Regs.  A taxpayer must substantiate his deductions by maintaining sufficient books and records to be entitled to a deduction under section 162(a).  When a taxpayer establishes that he has incurred a deductible expense but is unable to substantiate the exact amount, we are generally permitted to estimate the deductible amount.  Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930).  We can estimate the amount of the deductible expense only when the taxpayer provides evidence sufficient to establish a rational basis upon which the estimate can be made.  Vanicek v. Commissioner, 85 T.C. 731, 743 (1985).

Section 274(d) supersedes the general rule of Cohan v. Commissioner, supra, and prohibits the Court from estimating the taxpayer's expenses with respect to certain items.  Sanford v. Commissioner, 50 T.C. 823, 827 (1968), affd. per curiam 412 F.2d 201 (2d Cir. 1969).  Section 274(d) imposes strict substantiation

requirements for listed property as defined in section 280F(d)(4), gifts, travel, entertainment, and meal expenses. Sec. 1.274-5T(a), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985). To obtain a deduction for a listed property, travel, meal, or entertainment expense, a taxpayer must substantiate by adequate records or sufficient evidence to corroborate the taxpayer's own testimony the amount of the expense, the time and place of the use, the business purpose of the use and, in the case of entertainment, the business relationship to the taxpayer of each person entertained. Sec. 274(d); sec. 1.274-5T(b), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985). Section 274 requires that expenses be recorded at or near the time when the expense is incurred. Sec. 1.274-5T(c)(1), Temporary Income Tax Regs., 50 Fed. Reg. 46016 (Nov. 6, 1985). Listed property includes passenger automobiles. Sec. 280F(d)(4)(A)(i).

Petitioner presented very few documents to support the claimed business expense deductions. Petitioner asserted that he provided documents to the examining IRS agent, and that said individual failed to return the substantiation presented. Respondent disputed this assertion, and respondent's administrative file reflected that all substantiating documents were returned to petitioners. We are inclined to agree with respondent's version of these events. The remarks in

respondent's administrative file appear consistent with the disallowance of the Schedule C deductions. Petitioner was unable or unwilling to articulate the specific documents that were presented to the IRS and which were not available at trial. We now consider the specific Schedule C deductions claimed by petitioners.

2. Interest Deduction

Petitioner asserts that he paid interest on a loan relating to a tractor purchased during 1999. Petitioner presented credible testimony and some documentation which established that he paid at least $1,044 in interest on the loan, which was used to purchase a tractor for his Schedule C activity. As such, petitioner is entitled to the claimed interest expense deduction in full.

3. Repairs and Maintenance

Respondent agreed at trial that petitioners are entitled to a deduction in the amount of $9,595.12 for this item. This amount exceeds the amount claimed on the 2001 tax return of $7,640.

4. Commissions and Fees

Petitioners claimed a deduction in the amount of $16,000 for this item, representing amounts paid to persons who loaded and unloaded freight. No documentation or specific testimony was presented as to the amounts paid to such individuals. While it

is no doubt possible that petitioner paid persons to unload freight, we have insufficient evidence to make a reasonable estimate of the amount that was paid.  Respondent is sustained on this item.

5.  Travel, Meals and Entertainment

The deductions claimed for travel expense of $1,600 and meals and entertainment expense of $2,300 are subject to the substantiation requirements of section 274(d).  Petitioner presented no documents and no specific testimony in this connection.  Respondent is sustained as to this disallowance.

6.  Other Expenses

Petitioners claimed a deduction for $9,195 in other expenses.  Respondent allowed $1,400 of this amount for communications and $595 for clothes and shoes.  Remaining in dispute is $7,200.  Petitioner appeared confused about this item, and his testimony suggests that the claimed expense deduction may be a duplication of other items claimed on the Schedule C. Petitioner did not present documentation or testimony with respect to this item.  Respondent's determination is sustained.

7.  Car and Truck Expenses

Petitioner deducted $17,716 in car and truck expenses. Respondent allowed $2,267 for this item.  At trial petitioner asserted that this item was for fuel expense for his tractor, and that he paid approximately $18,000 for fuel expenses.  Upon a

review of this record we are satisfied that petitioner incurred some expense for fuel for the tractor. We allow petitioner an additional $6,000, for this item, over and above the amount allowed by respondent. Respondent's determination is otherwise sustained.

Medical Expense

At trial, petitioners alleged that they incurred medical expenses of approximately $10,000 during 2001 when Mrs. Veras was pregnant. While section 213 permits a deduction for medical expenses of a taxpayer or a dependent, a taxpayer must substantiate claimed medical expense deductions. Sec. 1.213-1(h), Income Tax Regs. Petitioners presented no documentary evidence or testimony as to specific expenses incurred in this connection. Petitioners are not entitled to any amount for a medical expense deduction.[2]

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing,

Decision will be entered

under Rule 155.

---

[2] Even if we were to allow petitioners a deduction for medical expenses, such amount would not equal or exceed the amount allowed as a standard deduction.